**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                   Criminal No. 09-cr-18-02-PB

<u>Jordan Manning</u>

**O R D E R**

On August 25, 2010, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on three alleged violations of conditions of supervision. Defendant stipulated to probable cause on the violations.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6) defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.

The government concedes that defendant is not a flight risk. Rather, the government argues that the defendant is incapable of abiding by any conditions of release due to his drug addiction. In addition to defendant's record of drug abuse, the government pointed to evidence that defendant (a) tested positive for drug use after his arrest on today's date

and (b) had, by his own admission, used illegal drugs only one day after his release from an intensive drug treatment program. The evidence further reveals that the counselors in defendant's most recent treatment program view defendant as having exhausted all available drug treatment options.

Having considered the government's proffer and arguments for detention, I nonetheless find that defendant has provided clear and convincing evidence that there are conditions that can reasonably assure his own safety and that of the community. I explained orally from the bench my findings and the reasons I ordered conditional release. I incorporate those findings and rulings by reference herein.

I summarize those findings here:

- Defendant is 20 years old and suffers from a severe drug problem.
- Defendant has no history of violence.
- Defendant has no history of drug trafficking.
- Defendant does well when in structured treatment settings.
- Defendant has a stable and long-term relationship with his father, with whom he has lived his whole life.

- The two most serious charges stem from a statement that defendant gave to his probation officer on July 21, 2010, wherein he admitted to using two illegal drugs.  During that interview, defendant expressed a desire to attend another inpatient treatment program.

- According to an assessment by Corey Gately, a licensed substance abuse counselor familiar with defendant, Ms. Gately believes that defendant "has all the tools needed to remain sober as evidenced by his month long periods of sobriety."  Apparently, defendant has "the tools" but has not been utilizing them while under supervision.  This court expects that defendant will be motivated to use "all the tools" that he does have to remain sober pending his final revocation hearing on September 30, 2010.

The court set strict conditions of release and those conditions are outlined in a separate written order.  Those conditions include home confinement with electronic monitoring and a further bail hearing during the week of September 6, 2010,

so that the court can assess defendant's compliance with the conditions.

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

August 25, 2010

cc:    Mark S. Zuckerman, Esq.
       Bjorn R. Lange, Esq.
       U.S. Marshal
       U.S. Probation